No. 20-50257

---

In the
UNITED STATES COURT OF APPEALS
For the Fifth Circuit

---

UNITED STATES OF AMERICA,
Plaintiff–Appellee

vs.

RUDY NARANJO
Defendant-Appellant

---

On Appeal From The United States District Court
For The Western District Of Texas
San Antonio Division
No. 05-CR-134(1)-XR

---

BRIEF OF DEFENDANT-APPELLANT
RUDY NARANJO

---

Michael McCrum
McCrum Law Office
404 E. Ramsey Rd., Ste. 102
San Antonio, Texas  78216-4665
(210) 225-2285

*Attorney for Defendant-Appellant*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Undersigned counsel certifies that the persons having an interest in the outcome of this case are:

1. **Honorable Royal Furgeson, Jr. (Retired),** United States District Judge, Western District of Texas, San Antonio Division (original trial and sentencing court);

2. **Honorable Xavier Rodriguez,** United States District Judge, Western District of Texas, San Antonio Division (addressed post-conviction issues after retirement of Judge Furgeson);

3. **Rudy Naranjo**, Defendant-Appellant;

4. **Gregg N. Sofer**, U.S. Attorney, Western District of Texas;

5. **Priscilla Garcia**, Assistant U.S. Attorney (represented Plaintiff-Appellee in the district court);

6. **Michael McCrum**, Attorney at Law (represented Defendant-Appellant in the district court on a post-conviction motion and represents Defendant-Appellant in this Court).

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.

By: *  /s/ Michael McCrum*
    Michael McCrum
    Attorney for Defendant-Appellant

ii

## **REQUEST FOR ORAL ARGUMENT**

Rudy Naranjo requests oral argument. Naranjo's appeal involves the complex interplay of jurisdictional, procedural and substantive issues, the breadth of the district court's factual review of a motion for sentence reduction pursuant to Section 404 of the First Step Act of 2018, and claims for relief urged pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Naranjo challenges the district court's summary dismissals of his claims for relief raised in three different motions, two of which were filed *pro se* and one filed by undersigned counsel. Naranjo challenges the district court's failure to conduct the required review under this developing area of law.

Because the legal issues raised in the instant appeal are not yet clearly developed in this and other Circuits relative to the application of several new statutes and case jurisprudence, and because review of all issues warrants a detailed, substantive factual and legal review of the applicability of current and previous versions of numerous sentencing guidelines as applied to numerous factual and legal issues that were the basis of his sentence, Naranjo requests oral argument.

Oral argument would assist the Court in understanding the complexity and interplay of the legal and factual issues present in Naranjo's case, in reviewing the record, and in resolving the arguments raised.

# **TABLE OF CONTENTS**

**PAGE**

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

REQUEST FOR ORAL ARGUMENT ................................................................. iii

TABLE OF CONTENTS .................................................................................... iv

INDEX OF AUTHORITIES ............................................................................... vi

STATEMENT OF JURISDICTION ...................................................................... xi

ISSUES PRESENTED ......................................................................................... 1

STATEMENT OF THE CASE ............................................................................... 2

    A. Course of Proceedings and Disposition in the Court Below ..................... 2

SUMMARY OF THE ARGUMENTS ..................................................................... 6

ARGUMENT AND AUTHORITIES..................................................................... 11

    I. The District Court Procedurally Erred in Summarily Denying
    Naranjo's First Step Act Motion without Ordering a Revised Presentence
    Report or Otherwise Conducting a Substantive Review of the Merits ........ 11

        A. Standard of review ....................................................................... 11

        B. District Court's Interpretation of First Step Act of 2018 .............. 11

        C. An FSA Motion Requires Review on the Merits; District Court
        is Not Permitted to Assume No Difference in Ultimate Outcome of
        Sentence ........................................................................................ 13

    II. The District Court Procedurally Erred in Summarily Denying
    Naranjo's Motion for Rule 60(b) Determination and Failing to Consider
    the Merits of the Motion.................................................................................. 19

A. Standard of review ......................................................... 19

B. Naranjo's Motion for Rule 60(b) Determination........................... 21

C. Law re: Rule 60(b) Determinations ............................... 22

D. District Court Failed to Review Rule 60(b) on the Merits............ 24

III. The Jury was Not Charged to Consider an Element of the Count Five, Thus Rendering Invalid the 10-Year Consecutive Sentence Imposed by the District Court ............................................................. 25

A. Standard of review ......................................................... 25

B. Failure to Present Element of Crime to Jury was Clear Error ....... 25

IV. The District Court Erred by Not Applying Retroactive Amendment #782, which would have Reduced the Offense Levels by Two .................. 29

A. Standard of review ......................................................... 29

B. Applicable Law ............................................................. 30

C. Applicable Facts ........................................................... 31

V. The District Court Failed to Apply the 2018 Sentencing Guidelines to Naranjo's FSA Motion ................................................... 33

VI. The District Court Erred by Not Reversing Mr. Naranjo's Career Offender Designation ...................................................... 34

CONCLUSION............................................................ 38

CERTIFICATE OF SERVICE ............................................ 40

ECF CERTIFICATION.................................................... 40

CERTIFICATE OF COMPLIANCE...................................... 41

# INDEX OF AUTHORITIES

## CASES                                                                    PAGE

*Alleyne v. United States,*
   570 U.S. 99 (2013). ........................................................................ 26

*Conely v Gibson,*
   355 U.S. 41 (1957). ........................................................................ 31

*Dillon v. United States*
   560 U.S. 817 (2010). ...................................................................... 29

*Dominguez v. Gulf Coast Marine, Assocs.,*
   607 F.3d 1066 (5th Cir. 2010) ........................................................ 23

*Ferrell v. Trailmobile, Inc.,*
   223 F.2d 697 (5th Cir. 1955) .......................................................... 22

*Haines v. Kerner,*
   404 U.S. 519 (1972) ........................................................................ 31

*Mahone v. Ray,*
   326 F.3d 1176 (11th Cir. 2003) ...................................................... 24

*Norris v. Causey,*
   869 F.3d 360 (5th Cir. 2017) .......................................................... 23

*Puckett v. United States,*
   566 U.S. 129 (2009) ........................................................................ 25

*Shepherd v. Int'l Paper Co.,*
   372 F.3d 326 (5th Cir. 2004) ................................................... 20, 22

*Silva v. Harris Cty.,*
   No. 93-2115, 1993 U.S. App. LEXIS 39389, at n.2 (5th Cir. Sept 30, 1993).. 20,
      21, 24

*Travelers Ins. Co. v. Liljeberg Enters.,*
  38 F.3d 1404 (5th Cir. 1994) .............................................................. 23

*Winchester v. United States Attorney for the S. Dist. Of Texas,*
  68 F.3d 947 (5th Cir. 1995) ................................................................ 23

*United States ex. Rel. Gage v. Davis S.R. Aviation, L.L.C.,*
  613 Fed. Appx. 445 (5th Cir. 2015) ................................................... 24

*United States v. Benitez,*
  822 F.3d 807 (5th Cir. 2016) .............................................................. 29

*United States v. Benjamin,*
  No. 3:09cr265 (JBA), 2019 U.S. Dist. LEXIS 177494, at *14 (D. Conn. Oct. 11,
  2019) ....................................................................... 17, 34, 35

*United States v. Beshirs,*
  135 Fed. Appx. 685 (5th Cir. 2005) ................................................... 23

*United States v. Black,*
  388 F. Supp. 3d 682 (E.D. Va. 2019) ........................................... 17, 36

*United States v. Brown,*
  No. 19-7039, 2020 U.S. App. LEXIS 28454, **2-3 (10th Cir. Sept. 9, 2020) . 37,
  38

*United States v. Byers,*
  801 Fed. Appx. 134 (4th Cir. 2020) ............................................. 14, 16

*United States v. Chambers,*
  956 F.3d 667 (4th Cir. 2020) .............................................................. 34

*United States v. Corner,*
  967 F.3d 662 (7th Cir. 2020) ......................................................... 14, 16

*United States v. Davis,*
  423 F. Supp. 3d 13 (W.D. N.Y. 2019) ................................................ 17

vii

*United States v. Delvecchio,*
  920 F.2d 810 (11th Cir. 1991) ............................................................ 35

*United States v. Easter,*
  No. 19-2587, 2020 U.S. App. LEXIS 29243, ** 1-2 (3rd Cir. Sept. 15, 2020) 13,

*United States v. Gonzalez-Loya,*
  639 Fed. Appx. 1023, (5th Cir. 2016) .............................................. 25

*United States v. Gravatt,*
  953 F.3d 258 (4th Cir. 2020) ............................................................ 13

*United States v. Hegwood,*
  934 F.3d 414 (5th Cir. 2019) ..................................................... 18, 19

*United States v. Holman,*
  803 Fed. Appx. 720 (4th Cir. 2020) ............................................... 14

*United States v. Hudson,*
  967 F.3d 605 (7th Cir. 2020) ............................................................ 13

*United States v. Maro,*
  272 F.3d. 817 (7th Cir. 2001) ..................................................... 35, 36

*United States v. O'Brien,*
  560 U.S. 218 (2010) ....................................................................... 26

*United States v. Reneau,*
  672 Fed. Appx. 464, (2010) ............................................................ 29

*United States v. Stewart*
  964 F.3d 433 (5th Cir. 2020) ........................... 11, 17, 19, 21, 30, 33, 36

*United States v. Trujillo,*
  502 F.3d 353 (5th Cir. 2007) ..................................................... 11, 21

*United States v. White,*
  No. 04 CR 464-30, 2020 U.S. Dist. LEXIS 66936 at **3-4 (N.D. Ill. Apr. 16, 2020) .................................................................................. 16, 17

*United States v. Winter,*
  803 Fed. Appx. 715 (4th Cir. 2020) .................................................. 14

*United States v. Williams,*
  972 F.3d 815 (6th Cir. 2020) ........................................................... 18


## CONSTITUTIONS, STATUTES AND TREATISES                    PAGE

5th Cir. R. 47.5.3 ............................................................................ 24

18 U.S.C. § 2 ..................................................................................... 2

18 U.S.C. § 924(c)(1) ............................................ 2, 7, 8, 25, 26, 28

18 U.S.C. § 3553 ......................................................................... 13, 18

18 U.S.C. § 3582 ........................................................ 1, 28, 29, 30, 31

21 U.S.C. § 841(a)(1) ........................................................................ 2

21 U.S.C. § 841(b)(1) .................................................................. 2, 12

21 U.S.C. § 846 ................................................................................. 2

21 U.S.C. § 860(a) ............................................................................ 2

28 U.S.C. § 1291 ............................................................................. xi

Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) *11*, 12, 31, 32,
33, 34, 37

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) .... 1, 11, 31, 37

Fed. R. App. P. 4 ......................................................................... xi, 4

Fed. R. Civ. P. 60(b) ........................................................ xi, 21, 22,23

Fed. R. Crim. P. 20 ................................................................................. 35, 36

U.S.S.G. § 2D1.1 (2011)............................................................. 18, 32, 33

U.S.S.G. § 4B1.1 (2011) ................................................................. 3, 33

U.S.S.G. Supp. To App. C, amend. 782 (Nov. 1, 2014) ........ 1, 8, 21, 29, 30, 31, 32

## <u>STATEMENT OF JURISDICTION</u>

This appeal arises from final orders of the district court which summarily denied Naranjo's petitions for First Step Act relief and motion filed pursuant to Rule 60(b), Federal Rules of Civil Procedure. Naranjo timely filed his Notice of Appeal pursuant to <u>Federal Rule of Appellate Procedure 4</u>. Jurisdiction of this Court is vested under <u>28 U.S.C. §1291</u>.

## ISSUES PRESENTED

1. The district court committed procedural error in summarily denying Naranjo's motion for sentence reduction, not ordering the preparation of a revised presentence report under the First Step Act, and not conducting a substantive review of issues on the merits.

2. The district court committed procedural error in summarily denying Mr. Naranjo's motion for Rule 60(b) determination and not reviewing the motion on its merits.

3. The district court committed error by failing to correct a consecutive sentence of imprisonment that was imposed despite the lack of a necessary factual finding by the jury of a required statutory element.

4. The district court committed error by not applying Retroactive Guideline Amendment 782 and not recalculating the applicable sentencing guidelines pursuant to the First Step Act and 18 U.S.C. § 3582(c)(2).

5. The district court committed error by not applying the 2018 Sentencing Guidelines to Naranjo's FSA Motion.

6. The district court erred by not reversing an improper career offender designation.

## STATEMENT OF THE CASE

### A. Course of Proceedings and Disposition in the Court Below

On March 16, 2005, Appellant Naranjo was charged in Count 1 of the indictment with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of powder cocaine within 1,000 feet of a school, pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 860(a); in Count 2 for conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine within 1,000 feet of a school, pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 860(a); in Count 3 with aiding and abetting the possession with intent to distribute 5 kilograms or more of powder cocaine within 1,000 feet of a school, pursuant to 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 860(a); in Count 4 with aiding and abetting the possession with intent to distribute 50 grams or more of crack cocaine, pursuant to 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 860(a); and in Count 5 with using and carrying a SKS assault rifle during and in relation and in furtherance of the drug trafficking crimes charged in Counts 1, 2, 3 and 4, pursuant to 18 U.S.C. § 924(c)(1)(B)(i). ROA.35-38. Naranjo went to trial and on March 6, 2007, the jury convicted him of all counts. ROA.538.

The Presentence Report ("PSR") indicated that the applicable quantity of drugs was within the sentencing guideline range› of Offense Level 38, but added two levels because the offense involved a protected location, resulting in a Base

Offense Level 40. ROA.1860. The recommended offense level was based on a combined assessment of quantities of cocaine powder, crack cocaine and marijuana. The PSR also noted, however, that Naranjo was a career offender (to which his trial counsel objected), and Section 4B1.1 dictated a Base Offense Level 37. ROA.1858-59. Because offense level 40 is greater than offense level 37, the sentencing court applied offense level 40. ROA.1860. And because the court found that Naranjo was a career offender, it imposed Criminal History Category VI. ROA.1860. The recommended range of imprisonment for Offense Level 40, Criminal History Category VI was 360 months-to-life. Mr. Naranjo was sentenced on June 20, 2007, to serve 360 months imprisonment on Counts 1, 2, 3 and 4 (all to run concurrently with each other), and 120 months on Count 5 (to run consecutively to Counts 1, 2, 3 and 4), effectively a total sentence of forty (40) years imprisonment. ROA.593-94. Mr. Naranjo has served approximately fourteen and a half years in prison on the sentence imposed in the instant case.

The instant appeal addresses four post-conviction motions.

1. On September 9, 2019, Mr. Naranjo filed a *pro se* motion styled *Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582 (c)(2), USSG 706, 750, and 782; and Section 404 of the First Step Act of 2018*. ROA.1167-1214. On November 4, 2019, the district court entered a text order dismissing the motion for want of jurisdiction. ROA.31.

3

2.  On December 9, 2019, Mr. Naranjo filed *pro se* his *Emergency Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act of 2018*. ROA.1215-35.

3.  On February 12, 2020, Mr. Naranjo filed *pro se* his *Amendment to Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act of 2018*. ROA.1236-68.  On March 6, 2020, the district court entered an order summarily denying Mr. Naranjo's motion and amendment. ROA.1278-82. On March 23, 2020, Mr. Naranjo's *pro se* Notice of Appeal dated March 19, 2020, was recorded as filed. ROA.1284. The Notice has attached a certification that it was deposited in the prison's Legal Mail System at FCI Otisville on March 19, 2020, and thus complies with Fed. R. App. P. 4(c). ROA.1285. On March 19, 2020, the district clerk also received and filed a Notice of Change of Address dated February 28, 2020, prepared *pro se* by Mr. Naranjo. ROA.1283.

4.  On May 26, 2020, undersigned counsel entered the case as counsel for Naranjo and filed a Motion for Rule 60(b) Determination. ROA.1741, 1743-87. On June 15, 2020, the government filed its response to Mr. Naranjo's Motion for Rule 60(b) Determination. ROA.1793-1804. On June 25, 2020, undersigned counsel filed a Reply to the government's response. ROA.1805-14. On June 29, 2020, the district court entered an

4

order summarily denying Mr. Naranjo's Motion for Rule 60(b)

Determination. ROA.1815-19.

# SUMMARY OF THE ARGUMENTS

## I. THE DISTRICT COURT PROCEDURALLY ERRED IN SUMMARILY DENYING NARANJO'S FIRST STEP ACT MOTION WITHOUT ORDERING A REVISED PRESENTENCE REPORT OR OTHERWISE CONDUCTING A SUBSTANTIVE REVIEW OF THE ISSUES.

The First Step Act was signed into law in late 2018. In part, the Act granted relief to those defendants who had been convicted of crack cocaine-related crimes prior to 2010, which included Naranjo's 2007 conviction of two crack cocaine crimes. The district court summarily denied Naranjo's First Step Act motion without ordering a revised presentence report or otherwise conducting a substantive review of Naranjo's motion, indicating that Naranjo had been convicted of both crack and powder cocaine crimes and thus reconsideration of his sentence would be a wasted exercise because the First Step Act did not affect the offense level associated with Naranjo's powder cocaine convictions. The district court committed error by failing to order a revised presentence report to consider the effect of the First Step Act on Naranjo's convictions and otherwise failing to consider Naranjo's motion on the merits.

## II. THE DISTRICT COURT PROCEDURALLY ERRED IN SUMMARILY DENYING NARANJO'S MOTION FOR RULE 60(B) DETERMINATION AND FAILING TO CONSIDER THE MERITS OF THE MOTION.

Subsequent to the district court summarily denying Naranjo's First Step Act motion and Naranjo filing a *pro se* notice of appeal, undersigned counsel entered the

case and filed a Motion for Rule 60(b) Determination on Naranjo's behalf, requesting the Court to reconsider the multiple reasons why Naranjo's sentence was erroneous and caused by mistake, inadvertence, surprise or excusable neglect. The district court summarily denied the Rule 60(b) motion without considering it on the merits, failed to follow the procedure outlined by this Court relative to Rule 60(b) motions, and thus committed error by finding the court lacked jurisdiction to consider the motion and failing to consider the motion on its merits. Reconsideration of the sentence and judgment entered in Naranjo's case would reveal several legal issues that the district court never addressed when considering Naranjo's prior *pro se* motions, including a retroactive change in law that has yet to be applied to Naranjo's sentence, and a consecutive sentence that was without legal basis to impose.

### III. THE JURY WAS NOT CHARGED TO MAKE A FACTUAL FINDING THAT WAS NECESSARY IN ORDER TO IMPOSE A STATUTORY ENHANCEMENT, THUS RENDERING INVALID THE 10-YEAR CONSECUTIVE SENTENCE IMPOSED BY THE DISTRICT COURT.

The district court imposed a ten-year consecutive sentence of imprisonment based on Naranjo's conviction on Count 5, which charged a violation of 18 U.S.C. § 924(c)(1)(B). Count 5 alleged that the offense involved a semiautomatic assault weapon, which, upon the jury's affirmative finding, would double the statutory consecutive punishment from a 5-year consecutive sentence to a 10-year consecutive

sentence. The jury was not charged to consider whether the offense involved a semiautomatic assault weapon, which is required in order to double the consecutive penalty from 5 to 10 years imprisonment. The Supreme Court has held that a sentencing enhancement of this nature under Section 924(c)(1)(B) must be submitted to the jury for its determination in order to double the applicable penalty. Failure to have done so by the district court rendered invalid the doubling of the consecutive sentence on Count 5 from 5 years to 10 years. The district court failed to consider this issue in its summary denial of Naranjo's motions.

## IV. THE DISTRICT COURT ERRED BY NOT APPLYING RETROACTIVE GUIDELINE AMENDMENT #782, WHICH WOULD HAVE REDUCED THE OFFENSE LEVELS BY TWO.

In 2014, retroactive Sentencing Guideline Amendment #782 reduced by two levels the offense levels relative to cocaine powder and cocaine base. The district court failed to consider the applicability of this amendment to Naranjo's sentence, even though he specifically raised the issue in his September 2019 motion.

## V. THE DISTRICT COURT FAILED TO APPLY THE 2018 SENTENCING GUIDELINES IN EFFECT AT THE TIME OF NARANJO'S FSA MOTION.

This Court recently held that the 2018 Sentencing Guidelines should be applied to First Step Act motions. In summarily denying Naranjo's FSA motion and Motion for Rule 60(b) Determination, the district court incorrectly assumed the applicable guideline level would not have changed because the FSA did not change

the statutory penalties for powder cocaine offenses. A review of Naranjo's motions on the merits would have required a recalculation of the guideline level using the 2018 sentencing guidelines. Application of these guidelines for the cumulative drug quantity (powder and crack cocaine) would result in a lower base offense level and thus a lower guideline range. The district court erred in its summary denial of Naranjo's motions and failure to review this issue on the merits.

## VI. THE DISTRICT COURT ERRED BY NOT REVERSING NARANJO'S CAREER OFFENDER DESIGNATION.

A designation of an offender as a "career offender" has two distinct effects on a sentencing guideline analysis: (1) the designation determines the appropriate offense level, depending upon the statutory maximum of the offense of conviction, and (2) the designation imposes the highest criminal history category regardless of the defendant's actual criminal history score. Because application of the career offender designation is impacted by the statutory maximum of the offense of conviction, the Fair Sentencing Act (applicable to the instant case through the First Step Act) mandates a reexamination of whether a career offender designation was properly assessed upon conviction of a statute in which there was a change in the penalty structure. The district court failed to conduct a reexamination of Naranjo's career offender designation. A reexamination of Naranjo's career offender

designation reveals he should never have been so designated, thus impacting the criminal history category applied by the sentencing court.

## ARGUMENT AND AUTHORITIES

**I.    THE DISTRICT COURT PROCEDURALLY ERRED IN SUMMARILY
DENYING NARANJO'S FIRST STEP ACT MOTION WITHOUT ORDERING
A REVISED PRESENTENCE REPORT OR OTHERWISE CONDUCTING A
SUBSTANTIVE REVIEW ON THE MERITS.**

### A. Standard of review.

A district court's ruling on a motion to resentence under the First Step Act of
2018 is reviewed for abuse of discretion. *United States v. Stewart,* 964 F.3d 433, 435
(5th Cir. 2020). "However, to the extent the court's determination turns on the meaning
of a federal statute such as the FSA, [the court's] review is *de novo." Id.* A district
court's interpretation or application of sentencing guidelines also is reviewed *de novo,*
however factual findings are reviewed for clear error. *United States v. Trujillo,* 502
F.3d 353, 356 (5th Cir. 2007).

### B. District Court's Interpretation of First Step Act of 2018.

In 2010, Congress enacted the Fair Sentencing Act which changed the quantities
of crack cocaine that were necessary to invoke different penalty structures in Title 21,
United States Code. *See* Pub. L. No. 111-220, 124 Stat. 2372, § 2 (2010). The Act
was not retroactive to pre-2010 convictions until passage of the First Step Act of
2018.[1] *See* Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). As noted above,

---

[1] References in this Brief to "FAIR" are references to the Section 404 of the Fair Sentencing Act
of 2010. References to "FSA" are references to First Step Act of 2018, which made FAIR
applicable to pre-2010 convictions.

Naranjo filed an FSA motion and subsequently filed an "Amendment" to his FSA motion. ROA.1167-1214, ROA.1236-68, respectively. The government contested the fact that the instant case was eligible for a reduced sentence under the FSA because (a) the offense conduct exceeded the 2010 Fair Sentencing Act's 280-gram threshold for penalties under 21 U.S.C. § 841(b)(1)(A), and (b) the instant case not only charged crack cocaine offenses, but also powder cocaine, and powder cocaine penalties remained unchanged by FAIR. ROA.69-73.

The district court correctly decided that the Fifth Circuit foreclosed the government's first argument that offense conduct determines eligibility, and instead considered the statute of conviction to determine whether it was a "covered offense" under the FSA. ROA.1281. Although the district court found that Naranjo's substantive crack cocaine convictions (Counts 2 and 4) were covered offenses, the court adopted the government's second argument and summarily decided that Naranjo was not entitled to relief under the FSA. ROA.1281. The court held that the FSA did not provide an avenue of relief since the statutory range of imprisonment and sentencing guideline range did not change as to defendant's powder cocaine convictions. *Id.* The court did not order a revised presentence report to examine the extent to which the FSA changed the prior findings, nor otherwise substantively consider the extent to which the FSA would have affected the designation of Naranjo as a career offender, the applicable guideline range given the change in law, nor

other aspects of sentencing. Rather, the court held that because the powder cocaine statutes and guidelines were unchanged, no further review was necessary. Without conducting a review of how the FSA would have changed significantly different aspects of Naranjo's sentencing exposure, the district court nevertheless cited 18 U.S.C. § 3553(a) in finding that the existing sentence of imprisonment is appropriate.

### C. An FSA Motion Requires Review on the Merits; District Court is Not Permitted to Assume No Difference in Ultimate Outcome of Sentence.

In cases which involve a bifurcated sentencing structure (i.e., cases where one count charges trafficking of both crack cocaine and powder cocaine and/or the indictment contains multiple counts of conviction, some crack cocaine counts and others powder cocaine counts), a district court is not permitted to assume there would be no difference in the ultimate outcome and thereupon summarily dismiss evaluation and/or application of the 2010 FAIR. *See, e.g., United States v. Gravatt,* 953 F.3d 258, 264 (4th Cir. 2020) (rejecting Government's argument that sentence based also on powder cocaine precludes review under Fair Sentencing Act); *United States v. Hudson,* 967 F.3d 605, 607 (7th Cir. 2020) (district court permitted to reduce sentence under Fair Sentencing Act in cases involving an aggregate sentence for "covered" and "non-covered" offenses); *United States v. Easter,* No. 19-2587, 2020 U.S. App. LEXIS 29243, ** 1-2 (3rd Cir. 2020). The Fourth Circuit's *Gravatt* case involved a situation in which the count of conviction charged conspiracy to possess

with intent to distribute both 5 kilograms of cocaine powder and 50 or more grams of cocaine base. *Id.* at 263-264. The government argued (and the district court agreed) that even if the count included crack cocaine and thus appear to be a "covered offense" under the Fair Sentencing Act, the defendant was not entitled to relief given the inclusion in the same count of a plainly non-covered controlled substance whose statutory penalties did not change under FAIR. The Fourth Circuit Court of Appeals rejected the argument and vacated the district court's order. *Id.* at 264. Because the defendant's "sentence involved a covered offense under Section 404(a) and Section 404(c)'s limitations do not apply, the district court should have reviewed [the defendant's] motion on the merits, applying its discretion under Sections 404(b) and (c)." *Id.*

Similar to the *Gravatt* case, courts have held that a substantive review must be conducted regardless of the presence of powder cocaine in the charged offense. *See, e.g., United States v. Corner,* 967 F.3d 662, 665 (7th Cir. 2020) ("motion for a reduced sentence under the First Step Act must be informed by a calculation of the new sentencing parameters); *United States v. Holman,* 803 Fed. Appx. 720 (4th Cir. 2020); *United States v. Winter,* 803 Fed. Appx. 715, 715-16 (4th Cir. 2020) (district court reversed for assuming it had no authority to grant resentencing under First Step Act because conspiracy count included both powder and crack cocaine); *United States v. Byers,* 801 Fed. Appx. 134 (4th Cir. 2020).

14

The district court's orders in Naranjo indicate that the court "considered the section 3553(a) factors" and reviewed the "merits" of Naranjo's motions. ROA.1281 (order denying Naranjo's *pro se* motion and amendment to motion), ROA.1819 (order denying Rule 60(b) motion), respectively. There is no indication, however, that the district court took any action other than review the face of Naranjo's arguments, the government's responses, and reiterate in its orders applicable law. That is, there is no indication that the district court ordered the preparation of a revised presentence report. The Seventh Circuit Court of Appeals addressed the methodology of what it means to conduct a review "on the merits":

> The statute contemplates a close review of resentencing motions: section 404(c) states that a person cannot seek relief under the Act more than once if the first motion was "denied *after a complete review of the motion* on the merits." First Step Act § 404(c) (emphasis added); *see also [United States v.] Shaw,* 957 F.3d [734,] 739 [7th Cir. 2020]; *United States v. Boulding,* 960 F.3d 774, 784 (6th Cir. 2020). The requirement that a motion under § 404 receive a "complete review" suggests a baseline of process that includes an accurate comparison of the statutory penalties – and any resulting change to the sentencing parameters – as they existed during the original sentencing and as they presently exist. "A resentencing predicated on erroneous or expired guideline calculation," or a decision to decline resentencing without considering at all the guidelines, "would seemingly run afoul of Congressional expectations." *Boulding,* 960 F.3d at 784.
>
> This is comparable to the procedural requirement that a district court correctly compute the applicable sentencing guidelines range before deciding, in its discretion, what sentence to impose. *See Gall v. United States,* 552 U.S. 38, 51 (2007). . . . And a failure to properly calculate and consider the guidelines amounts to a reversible procedural error. *United States v. Griffith,* 913 F.3d 683, 687 (7th Cir. 2019).

*United States v. Corner,* 967 F.3d 662, 665 (7th Cir. 2020) (emphasis in original).

Additionally, the Fourth Circuit's *Byers* case is analogous to the instant case. *See United States v. Byers,* 801 Fed. Appx. 134 (4th Cir. 2020). In *Byers,* the defendant was serving concurrent sentences of 290 months on seven counts of conviction (counts charging marijuana, solely crack cocaine, solely powder cocaine, and a conspiracy involving both crack cocaine and powder cocaine). *See Id.* at 134-35. The defendant filed an FSA motion, and the district court reduced the sentence on one of the counts from 290 to 240, but left others (including counts charging crack cocaine) at 290 months, summarily finding that FAIR did not mandate a reduction. The Fourth Circuit vacated the district court's order, finding that substantive consideration of defendant's motion relative to the count involving both crack and cocaine powder should have been reviewed on the merits. *Id.* at 135. In essence, regardless of whether a reduction as to that one count would not have made a difference in the ultimate maximum of the defendant's sentence on the various counts (i.e., he still would have to serve 290 months on other non-conspiracy counts, regardless of whether the district reduced the sentence on the conspiracy count), the Fourth Circuit rejected the district court's decision to summarily deny the defendant's motion without substantive consideration on the merits. *Id.* The same interpretation of the law has been followed in the Seventh Circuit. *See, e.g., United States v. White,*

No. 04 CR 464-30, 2020 U.S. Dist. LEXIS 66936 at **3-4 (N.D. Ill. Apr. 16, 2020) (citing *Gravatt,* district court conducts substantive review on the merits).

Such is the situation in the case at bar. A "substantive" review of Naranjo's motion on the merits relative to his cocaine base convictions should have been conducted. A review on the merits necessarily includes several procedural and substantive steps: First, it should have included the preparation of a new, supplemental presentence report. *See United States v. Davis,* 423 F. Supp. 3d 13, 16 (W.D. N.Y. 2019). In *Davis,* the U.S. Probation Officer was called upon to prepare an "Abbreviated Supplemental Presentence Report" which calculated the applicable offense level and criminal history category. *Id.* at 17. Second, it should include consideration and  application of the 2018 Sentencing Guidelines. *See United States v. Stewart,* 964 F.3d 433, 438 (5th Cir. 2020). Third, it should include a recalculation of his guidelines under the FSA. *See United States v. Davis,* 423 F. Supp. 3d at 16 (FSA "contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted"); *see also United States v. Black,* 388 F. Supp. 3d 682, 688-90 (E.D. Va. 2019) (FSA's mandate to reevaluate sentence must include review of defendant's criminal history score in situations where the statutory maximum affected the criminal history category); *United States v. Benjamin,* No. 3:09cr265 (JBA), 2019 U.S. Dist. LEXIS 177494, at *14 (D. Conn. Oct. 11, 2019) (FSA review must include

determination of "the offense level and criminal history under the Guidelines"); *United States v. Hegwood,* 934 F.3d 414, 418-419 (5th Cir. 2019) (sentencing guideline calculations made at initial sentencing hearing "are adjusted 'as if' the lower drug offenses were in effect at the time of the commission of the offense").

Moreover, a generic statement by the district court that it reviewed all factors pursuant to 18 U.S.C. § 3553 and would have assessed the same sentence is insufficient in the context of an FSA motion. *See United States v. Williams,* 972 F.3d 815, 816-17 (6th Cir. 2020) (holding that a district court's resentencing decision in a First Step Act case is subject to review for substantive and procedural reasonableness). In *Williams,* the Sixth Circuit Court noted that while an FSA movant is not entitled to plenary resentencing, the district court "must 'adequately explain the chosen sentence to allow for meaningful appellate review.'" *Id.,* citations omitted (case remanded to district court because "record as a whole must indicate the reasoning behind the court's sentencing).

Because the Fair Sentencing Act changed the statutory maximum for crack cocaine offenses, a substantive merit review of Naranjo's motion should have included (1) a re-evaluation of the appropriate Base Offense Level under Sentencing Guideline Section 2D1.1 for the crack cocaine offenses, applying the 2018 Sentencing Guidelines; (2) an assessment of the appropriate Criminal History Category, applying the revised statutory minimum/maximum penalty structure

decreed by the FSA; and (3) an assessment of whether there now exists a different Total Offense Level. None of this happened. Rather, the district court summarily denied his motion without review of the merits.

Naranjo made clear in his motion that he was not requesting a plenary resentencing hearing. ROA.1752. Rather, he requested the exact type of resentencing hearing that is contemplated in this Court's *Hegwood* and *Stewart* cases: a re-sentencing that includes a recalculation of the appropriate guideline level. *United States v. Hegwood,* 934 F.3d at 418-419; *United States v. Stewart, supra*. Moreover, a substantive review on the merits was particularly necessary given the other issues presented to the district court (discussed below) which also require substantive review. The district court erroneously concluded that the FSA did not mandate a review on the merits for covered offenses, and summarily rejected Naranjo's motion on the basis that FAIR did not alter the powder cocaine sentencing structure. The district court's interpretation of the meaning of FAIR and the FSA was wrong and requires reversal.

## II. THE DISTRICT COURT PROCEDURALLY ERRED IN SUMMARILY DENYING NARANJO'S MOTION FOR RULE 60(B) DETERMINATION AND FAILING TO CONSIDER THE MERITS OF THE MOTION.

### A. Standard of review.

Naranjo's Motion for Rule 60(b) Determination specifically outlined the jurisdictional basis to entertain the motion. The district court held, however, that it was

without jurisdiction to make an initial consideration of Naranjo's motion for Rule 60(b) determination. ROA.1744-45, 1818, respectively. Issues regarding a district court's jurisdiction are reviewed *de novo. See Shepherd v. Int'l Paper Co.,* 372 F.3d at 329.

The district court also noted that "[t]o the extent that this Court does possess some limited jurisdiction to consider the Rule 60(b) motion on its merits, despite a pending appeal," it denied the motion "on the merits" finding that "[r]egardless of any alleged errors in the calculation of the guidelines" the court concludes that Naranjo's sentence should not be reduced. ROA.1819. As demonstrated in the instant brief, however, the district court's insistence of the correctness of Naranjo's 40-year sentence is reached without a substantive review on the merits as to several issues that otherwise would have a significant impact on Naranjo's sentence exposure. Stated differently, the district court's summary finding of the appropriateness of the 40-year sentence is despite the fact that (1) the sentencing court (which was presided by a different district judge ) imposed a 40-year sentence based on law that has since been changed, (2) the lack of a necessary jury finding on a critical element, and (3) an erroneous application of a career offender designation. Respectfully, the district court's summary finding that the same sentence would have been imposed regardless of the change in law should not have been made without a substantive review of these complex issues on the merits.

A district court's denial of a Rule 60(b) motion on the merits is reviewed for abuse of discretion, assuming the district court determined it had jurisdiction. *Silva v.*

*Harris County,* No. 93-2115, <u>1993 U.S. App. LEXIS 39389, at *3</u> (5th Cir. Sept. 30,

1003) (citing *Williams v. Brown, Root, Inc.,* <u>828 F.2d 325</u> (5th Cir. 1987) and other

cases). A district court's ruling on a motion to resentence under the First Step Act of

2018 is reviewed for abuse of discretion. *United States v. Stewart,* <u>964 F.3d 433, 435</u>

(5th Cir. 2020). "However, to the extent the court's determination turns on the meaning

of a federal statute such as the FSA, [the court's] review is *de novo." Id.* A district

court's interpretation or application of sentencing guidelines also is reviewed *de novo,*

however factual findings are reviewed for clear error. *United States v. Trujillo,* <u>502</u>

<u>F.3d 353, 356</u> (5th Cir. 2007).

### B.    Naranjo's Motion for Rule 60(b) Determination.

Following the district court's summary denial of Naranjo's FSA motion,

Naranjo filed a notice of appeal. Soon after filing his notice of appeal but before a brief

was filed, Naranjo's family hired undersigned counsel to review the motions filed by

Naranjo *pro se* and the district court's text and substantive orders denying the motions.

Undersigned counsel noted that the arguments presented in Naranjo's *pro se* filings

were less than clear, and thus prepared and filed a motion for determination pursuant

to Rule 60(b) of the Federal Rules of Civil Procedure in order to (1) clarify certain

issues that the district court did not address in its summary orders (i.e., retroactive

amendment #782; jury's failure to make required finding to justify doubling of

consecutive sentence; improper career offender designation), (2) urge new issues that

were ripe and had not yet been raised in Naranjo's *pro se* motions (jury's failure to make required finding to justify doubling of consecutive sentence; improper calculation of guideline exposure based on faulty reference to wrong maximum penalties), and (3) invite the district court to substantively reconsider its order denying Mr. Naranjo's motions (rather than summarily rejecting the arguments without ordering an updated presentence report in light of the FSA). ROA.1743-87. Though a district court's jurisdiction is divested upon the filing of a notice of appeal, a district court retains jurisdiction to entertain a Rule 60(b) motion and, if inclined to grant it, allow the movant to seek leave from the Fifth Circuit Court to stay the appeal and allow the district court the opportunity to rule upon the motion. *See Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 331-333 (5th Cir. 2004), citing *Ferrell v. Trailmobile, Inc.,* 223 F.2d 697, 699 (5th Cir. 1955). The Fifth Circuit has approved this procedure on the basis that it could save time, resources and expense in the appellate court by not having to review issues that can be determined by the district court. *Id.*

### C.    Law re: Rule 60(b) Determinations.

Rule 60(b) of the Federal Rules of Civil Procedure expressly authorizes district courts to correct a judgment which is erroneous and caused by mistake, inadvertence, surprise or excusable neglect. *See* Fed. R. Civ. P. 60 (b). If a Rule 60(b) motion is filed after notice of appeal has been filed, the district court has jurisdiction to determine whether (a) it is inclined to grant a motion for

reconsideration if the case is remanded to the district court, or (b) to deny the motion after review on the merits. *See Norris v. Causey,* 869 F.3d 360, 366 (5th Cir. 2017), citing *Winchester v. United States Attorney for the S. Dist. of Texas,* 68 F.3d 947, 949 (5th Cir. 1995); *see also Travelers Ins. Co. v. Liljeberg Enters.,* 38 F.3d 1404, 1407 n.3 (5th Cir. 1994). A district court's Rule 60(b) determination does not necessarily require a finding that it will *definitely* reform the prior judgement if allowed to reconsider the motion. Rather, what is required after consideration of the issues *on the merits* is either (a) a determination that "it is inclined" to grant the motion or (b) a denial of the Rule 60(b) motion. If the district court finds that "it is inclined" to grant the motion, it would then notify Naranjo of such fact and Naranjo would then seek leave from the Fifth Circuit to stay his appeal and remand the case to the district court for purposes of reconsideration and judgment. *See Norris v. Causey,* 869 F.3d at 366; *Dominguez v. Gulf Coast Marine, Assocs.,* 607 F.3d 1066, 1074 (5th Cir. 2010); *United States v. Beshirs,* 135 Fed. Appx. 685, 686 (5th Cir. 2005). If remanded, the district court would then have the opportunity to reconsider the issues in more depth and ultimately decide whether to reform the judgment. If the district court denies the Rule 60(b) motion, then Mr. Naranjo would have the right to appeal such determination. *Id.* In any event, however, "[t]he district court does not have the option simply to deny the motion, without considering it on its merits" nor to find that it lacks jurisdiction to even make the initial determination as

to whether "it is inclined" to grant the motion. *See United States ex. rel. Gage v. Davis S.R. Aviation, L.L.C.,* 613 Fed. Appx. 445, 447 (5th Cir. 2015), citing *Silva v. Harris Cty.,* No. 93-21115, 1993 U.S. App. LEXIS 39389, at n.2 (5th Cir. Sept. 30, 1993) (per curiam) (unpublished but precedential under Fifth Circuit Rule 47.5.3); *Mahone v. Ray,* 326 F.3d 1176, 1180 (11th Cir. 2003) (district court's failure to consider Rule 60(b) motion on the merits was erroneous and cause for reversal).

### D.    District Court Failed to Review Rule 60(b) on the Merits.

The district court summarily rejected Naranjo's Rule 60(b) motion on alternative grounds: (1) lack of jurisdiction, and (2) even if limited jurisdiction, summarily denied relief, resting on its prior orders which summarily rejected Naranjo's previous FSA motions. Evident in such prior orders, however, is the district court's decision that a substantive review of the issues on the merits was unnecessary. Stated differently, the district court's summary denial of the Rule 60(b) motion rested on the district court's summary denials of Naranjo's previous FSA motions.

Despite the compounded summary nature of the court's rulings, the district court indicated in its order denying Rule 60(b) that it reviewed the motion on its merits. There is no indication, however, that the court ordered the preparation of a revised presentence report or otherwise conducted a recalculation of applicable sentencing guidelines pursuant to the FSA. The court's failure to order a new

presentence report taking into account the 2018 Sentencing Guidelines and the change in the statutory penalty structure was error and was not a review on the merits which the law requires. The district court's summary denial of Naranjo's Rule 60(b) motion based on lack of jurisdiction also was error, requiring a remand of the instant case to the district court with instructions to follow applicable law.

### III. THE JURY WAS NOT CHARGED TO CONSIDER AN ELEMENT OF THE COUNT FIVE, THUS RENDERING INVALID THE 10-YEAR CONSECUTIVE SENTENCE IMPOSED BY THE DISTRICT COURT.

#### A. Standard of review.

This Court has held that it will apply plain error review in "very rare instances" to issues "neither preserved below nor argued on appeal." *United States v. Gonzalez-Loya,* 639 Fed. Appx. 1023, 1028 (5th Cir. 2016). "Under plain error review, there must be an error that is clear or obvious and that affects the defendant's substantial rights." *Id.,* citing *Puckett v. United States,* 556 U.S. 129, 135 (2009). In cases in which the fact finder is not asked to make a required finding of proof of a fact or element beyond a reasonable doubt, this Court applies a plain error standard of review. *Id.*

#### B. Failure to Present Element of Crime to Jury was Clear Error.

Naranjo was charged in the indictment with committing a violation of 18 U.S.C. § 924(c)(1), using and carrying a semiautomatic assault firearm during and in relation to a drug trafficking crime. ROA.35. Section 924(c)(1)(A) provides for a 5-year consecutive sentence upon conviction; section 924(c)(1)(B)(i), however,

doubles the consecutive term of imprisonment to 10 years if the firearm is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon. Upon conviction, Naranjo was sentenced to the doubled 10-year term of imprisonment to run consecutive to the sentences imposed on the drug trafficking counts.

The Supreme Court held that the sentencing enhancements of Section 924(c)(1)(B) are elements of the offense. *See United States v. O'Brien,* 560 U.S. 218, 235 (2010). Because they are elements of the offense, a defendant's minimum sentence cannot be enhanced without submission to and affirmative finding by the jury. *See id.* In order to enhance the punishment, such as a doubling of the term of imprisonment based on the *type* of firearm, a jury's finding as to the type of firearm is necessary in order to justify the enhanced term of imprisonment. *Id.* ("machinegun provision in § 924(c)(1)(B)(ii) is an element of an offense" and failure to submit the element to the jury is clear error); *see also Alleyne v. United States,* 570 U.S. 99, 115-117 (2013) (conviction under 18 U.S.C. § 924(c)(1) could not be increased from 5 years to 7 years without submission of enhancement element to jury).

Naranjo was charged in the indictment with committing a violation of 18 U.S.C. § 924(c)(1)(B)(i), on the basis that the firearm at issue was allegedly a semiautomatic assault weapon. Count Five of the indictment referred to Section 924(c)(1)(B)(i) and included language that the offense involved a semiautomatic assault weapon:

26

> That on or about January 28, 2005, in the Western District of Texas, Rudy Naranjo did knowingly use and carry a possess a firearm, namely: a SKS assault rifle, a semiautomatic assault weapon, serial number 62467, during and in relation and in furtherance of a drug trafficking crime, as alleged in Counts One, Two, Three and Four in this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(B)(i).

*See* ROA.37. The instruction given to the jury at the conclusion of trial, however, did not specify the type of firearm described in Count Five:

> This is the last count, count five.
> Title 18, United States Code, Section 924, makes it a crime for anyone to use or carry a firearm during and in relation to a drug trafficking crime or to possess a firearm in furtherance of such a crime.
> . . .
> For you to find the defendant guilty of count five, you must be convinced that the Government has proved each of the following three elements beyond a reasonable doubt:
> One. Rudy Naranjo committed the crime alleged in count one, count two, count three, count four;
> Two. That on or about January 28, 2005, Rudy Naranjo knowingly possessed a firearm in furtherance of a crime;
> And, three. The possession occurred within 100 feet of property comprising Jackson Keller Elementary School.

*See* ROA.2068-69.[2] The trial court's charge to the jury did not include as an element of the offense the fact that the weapon was a semiautomatic assault weapon as charged in the indictment. The verdict form given to the jury also did not include language requiring the jury to find whether or not the offense was committed with a

---

[2] For brevity, omitted from this printed excerpt are jury instructions of definitions of "possession" and "knowingly".

semiautomatic assault weapon. ROA.538. As a result, it was improper to impose a 10-year consecutive term of imprisonment without the jury having made an affirmative finding as to a necessary element.

Naranjo's *pro se* FSA motions each requested this Court to address this issue pursuant to 18 U.S.C. § 3582. ROA.1215-35, 1236-68. Additionally, the motion for Rule 60(b) determination filed by undersigned counsel on Naranjo's behalf raised the issue. ROA.1743-87. The district court did not address this issue in its order summarily denying Naranjo's FSA motion nor its order summarily denying the motion for Rule 60(b) determination.

Naranjo should not have been sentenced to a 10-year consecutive sentence. The jury's finding of guilt was based on a finding of a generic "firearm" and thus Naranjo should have been sentenced to a 5-year consecutive sentence for Count Five, pursuant to 18 U.S.C. § 924(c)(1)(A). Because this error is clear, obvious and affects the defendant's substantial rights, as well as an error caused by mistake, inadvertence, or neglect, Naranjo's request for resentencing on Count 5 should have been granted and reversal is warranted. Notably and respectfully, the district court's failure to mention this issue in its order demonstrates the district court's failure to conduct a substantive review of Naranjo's arguments.

**IV. THE DISTRICT COURT ERRED BY NOT APPLYING RETROACTIVE AMENDMENT #782, WHICH WOULD HAVE REDUCED THE OFFENSE LEVELS BY TWO.**

### A. Standard of review.

In 2014, Amendment #782 of the Sentencing Guidelines reduced by two levels the offense levels relative to cocaine powder and cocaine base. *See* U.S.S.G, Supp. to App. C, amend. 782 (Nov. 1, 2014) (raised requisite amount of cocaine base to trigger statutory minimum mandatory sentence). Title 18, United States Code, Section 3582(c) provides an avenue for convicted persons to claim "the benefit of later enacted adjustments to the judgments reflected in the Guidelines. *See Dillon v. United States,* 560 U.S. 817, 828 (2010); 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) permits a reduction if (1) the defendant's "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This Court has held that Amendment 782 applies retroactively. *See United States v. Benitez,* 822 F.3d 807, 810 (5th Cir. 2016). The standard of review on a district court's decision whether to grant a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is abuse of discretion. *See United States v. Reneau,* 672 Fed. Appx. 464, 465 (5th Cir. 2017).

29

## B. Applicable Law.

On September 9, 2019, Naranjo filed his *pro se* motion styled *Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582 (c)(2), USSG 706, 750, and 782; and Section 404 of the First Step Act of 2018*. ROA.1167-82. The style of Naranjo's motion filed in September 2019 includes a clear request for reduction pursuant to retroactive Amendment 782 and 18 U.S.C. § 3582(c)(2). On November 4, 2019, however, the district court entered a text order dismissing the motion for want of jurisdiction, never substantively addressing the applicability of this retroactive amendment. ROA.31. The district court's summary text order was error.

This Court recently noted a jurisdictional basis for seeking post-conviction relief under retroactive Amendment 782:

> That said, if, after a defendant's sentence has been modified pursuant to the FSA, the defendant finds himself eligible to benefit from Guidelines changes beyond those mandated by FAIR, the defendant may be able to move for another resentencing under § 3582(c)(2). See Koons v. United States, 138 S.Ct. 1783, 1788, 201 L. Ed. 2d 93 (2018); United States v. Calton, 900 F.3d 706, 715 (5th Cir. 2018); [United States v.] Banks, 770 F.3d [346,] 348 [(5th Cir. 2014)].

*United States v. Stewart*, 964 F.3d 433, 439, n.7 (5th Cir. 2020) (addressing consideration of guideline changes made by Amendment 782).

Though the district court in Naranjo's case may have lacked jurisdiction to address the "non-Amendment 782" issues raised in Naranjo's September 2019 motion, it clearly possessed jurisdiction to consider the applicability of retroactive

Amendment 782. Again, this demonstrates the district court's failure to conduct a substantive review of Naranjo's motion on the merits. Naranjo's *pro se* September 2019 motion expressly invoked these same three laws: retroactive Amendment 782; the First Step Act of 2018 (and, by extension, the Fair Sentencing Act of 2010), and 18 U.S.C. § 3582(c)(2). *See* ROA.1167. (*Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582 (c)(2), USSG 706, 750, and 782; and Section 404 of the First Step Act of 2018).* The fact that Naranjo's plea for relief under Amendment 782 was contained in the style of Naranjo's *pro se* motion is of no moment. *See Haines v. Kerner,* 404 U.S. 519, 520-521 (1972) (*pro se* complaint, "however inartfully pleaded" must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

### C. Applicable Facts.

Using the conversion table that existed on the date of sentencing, Naranjo's PSR recommended a Total Offense Level 40 based on 91,698 kilograms of marijuana: 23.2KG of seized cocaine powder (equivalent to 4,640KG marijuana); 728gm of seized cocaine base (equivalent to 14,560KG marijuana); 360KG cocaine powder estimated relevant conduct (equivalent to 72,400KG marijuana), and 38.3KG of seized marijuana. ROA.1758. The Fair Sentencing Act of 2010 revised

Section 2D1.1's equivalency table by reducing the equivalency ratio of marijuana to cocaine base. *See* U.S.S.G. § 2D1.1, n.10(D) (2011). Under this rubric, 728 grams of cocaine base would be equivalent to 2,600 grams of marijuana, not 14,560 kilograms as calculated under the previous table. ROA.1758. If the revised equivalency table authorized by the 2010 Fair Sentencing Act were applied to Naranjo's case (and assuming that the total amount of drugs listed in paragraph 30 of the presentence report should be considered[3]) the total amount of drugs no longer equates to 91,696KG; instead, it equates to 79,640KG of marijuana. Under the revised guidelines mandated by Amendment 782, the Base Offense Level applicable to 79,640KG of marijuana is 38, which is two offense levels lower than that applied to Naranjo at sentencing. ROA.1758.

A review of Mr. Naranjo's motion on the merits would have revealed that application of this retroactive amendment and FAIR's revisions (made applicable to Naranjo by the FSA) would result in a lower guideline range. This, coupled with the other issues presented in Naranjo's motions and this appeal warranted a substantive

---

[3] Recent case law in the Supreme Court and this and other circuits demonstrates that the entire amount of controlled substances should not be quantified for the purpose of determining the appropriate offense level upon the resentencing of Naranjo. But this issue is a matter to be addressed before the district court upon remand. For purposes of this appeal, it is sufficient to assume that the entire amount would be converted under the post-Amendment 782 equivalency table, as it demonstrates that Naranjo is entitled to a substantive recalculation of his sentencing guidelines (i.e., a review of his motions on the merits) and a reduction of sentence.

review on the merits rather than dismissal via text order. The district court's orders should be reversed.

**V. THE DISTRICT COURT FAILED TO APPLY THE 2018 SENTENCING GUIDELINES TO NARANJO'S FSA MOTION.**

This Court recently held that a defendant's FSA motion should be evaluated in the context of the 2018 Sentencing Guidelines. *See United States v. Stewart,* 964 F.3d 433, 438-39 (5th Cir. 2020). The district court's summary rejection of Naranjo's *pro se* motions and his Rule 60(b) motion were based on an incorrect assumption that the guidelines relative to the cocaine powder counts were not changed. The district court found that it was unnecessary to conduct a substantive review of Naranjo's arguments: (1) the impact of the Fair Sentencing Act of 2010 on the offense levels calculated under Section 2D1.1 (the drug table conversion and calculation section, including retroactive amendments); (2) the offense levels and criminal history category calculated under Section 4B1.1 (the career offender section); and (3) the trial court's failure to instruct the jury regarding the element of whether Naranjo used and carried a semiautomatic firearm. As discussed in this brief and in Naranjo's four motions filed in the district court, the change in recommended guideline levels resulting from retroactive guideline amendment and retroactive statutes plus and the erroneous consecutive sentence imposed on Count 5 warranted a review on the merits.

## VI. THE DISTRICT COURT ERRED BY NOT REVERSING MR. NARANJO'S CAREER OFFENDER DESIGNATION.

A designation of an offender as a "career offender" has two distinct effects on a sentencing guideline analysis: (1) the designation determines offense levels, depending on the statutory maximum of the offense of conviction, and (2) the designation imposes the highest criminal history category regardless of the actual criminal history score. A reexamination of Naranjo's career offender designation reveals he should never have been so designated, thus impacting the criminal history category applied by the sentencing court.

The Fourth Court of Appeals held that a district court's reevaluation of a sentence under the FSA must include consideration whether a career offender designation was properly assessed:

> It would pervert Congress' intent to maintain a career-offender designation that is as wrong today as it was in 2005, and under which [the defendant] is subject to a Guidelines range that is *four* times the correct range and that even at the low end is much greater than the new statutory minimum of 10 years.

*United States v. Chambers,* 956 F.3d 667, 673 (4th Cir. 2020) (vacating district court's order based on district court's failure to reconsider career offender designation). Another district court also found that reconsideration of the career offender designation is required under application of the 2010 Fair Sentencing Act. *See United States v. Benjamin,* No. 3:09cr265 (JBA), 2019 U.S. Dist. LEXIS 177494

at *14 (D. Conn. Oct. 11, 2019). In *Benjamin,* the court conducted a substantive review of defendant's motion under the First Step Act and held that it "must determine whether Mr. Benjamin presently is subject to the Guidelines' career offender enhancement." *See id.* at *15.

The two predicate convictions upon which Naranjo's career offender designation was built are (1) Obstruction of Commerce by Armed Robbery, Cause No. 3:93-182-002, and (2) Obstruction of Commerce by Armed Robbery, Cause No. 3:94-584-001. ROA.1756. Naranjo received a copy of the plea agreement which documented his agreement to plead to these two offenses. The plea agreement was filed in Cause No. 3:93-182, referenced above, and reflects that Naranjo agreed to plead guilty on the same date to an offense which occurred in South Carolina as well as an offense which occurred in Colorado. ROA.1781-84 (¶¶ 3, 9, respectively). The plea hearing on the Colorado offense was to occur in South Carolina, pursuant to Rule 20, Federal Rules of Criminal Procedure. ROA.1784 (¶ 9), ROA.1785-87.

Sentences assessed simultaneously pursuant to Rule 20, Federal Rules of Criminal Procedure, are considered "related" and cannot be assessed separately under the guidelines. *See United States v. Delvecchio,* 920 F.2d 810, 812-813 (11th Cir. 1991) ("whenever a defendant is sentenced simultaneously, pursuant to Rule 20, his sentences are related and cannot be assessed separately under the guidelines" and therefore defendant is not a career offender); *United States v. Maro,* 272 F.3d 817,

824 (7th Cir. 2001) ("Because of the Rule 20 transfer, he is tagged with only one prior conviction from the two indictments in two different districts in which he entered pleas to four of the 1989 robberies" and therefore cannot be considered separately for purposes of career offender analysis).

The analysis of this issue is particularly applicable to the instant case in light of this Court's decision in *United States v. Stewart,* 964 F.3d 433, 439, n.7 (5th Cir. 2020) which held that FSA motions should be evaluated in the context of the 2018 Sentencing Guidelines. Accordingly, for this reason alone the two cases referenced in paragraphs 45 and 46 of Naranjo's PSR which were made the basis of the sentencing court's designation of Naranjo as a career offender cannot be assessed separately. The two convictions are to be considered "only one prior conviction" for purposes of assessing his criminal history category. *See United States v. Maro, supra.*

The magnitude of error in Naranjo's case must be substantively addressed. *See United States v. Black,* 388 F. Supp. 3d 682, 689 (E.D. Va. June 7, 2019). The district court in *Black* also struggled with whether a review under the First Step Act permitted a review of the defendant's career offender designation versus the miscarriage of justice that would occur if an error of this magnitude were not addressed:

The Court simply cannot ignore an error of this magnitude, particularly where Black objected to the career offender enhancement before sentencing and raised on appeal a related challenge to his career offender status. Allowing the procedural posture of the case to overrun an individual's liberty undermines the integrity of the Court system and the value society places on judges to get things right. The Court sees no reason to overlook this error and fundamental miscarriage of justice particularly where, as here, the First Step Act allows the Court to recalculate Black's Guidelines range. Indeed, the First Step Act affords the Court the opportunity to review the Motion on its merits and to determine the applicable Guidelines range after Congress modified the penalties for certain drug offenses.

*Id.* at 689-90.

The district court's failure in the instant case to conduct a substantive review of Naranjo's arguments on the merits was a fundamental error. Not only has there been a dramatic change in the law relative to drug offense guidelines, recent law makes clear that Naranjo is not a career offender. Because Naranjo's criminal history category must be revisited under application of the FSA, the point levels for his convictions were erroneously calculated by the sentencing court and his criminal history category should never have been placed at Category VI.

"The First Step Act empowers a court impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *See United States v. Brown,* No. 19-7039, 2020 U.S. App. LEXIS 28454, ** 2-3 (10th Cir. Sept. 9, 2020). The Tenth Circuit Court recognized the importance of reviewing career offender designations: "This language [of FAIR]

is narrow and does not authorize plenary sentencing. But it allows a district court to at least consider [the defendant's] claim that sentencing him as a career offender would be error given subsequent decisional law that clarifies (not amends) the related career offender provision at issue." *Id.* The Seventh Circuit Court also reiterated the underlying premise of our justice system - - to make sure we do not trample liberty in the path toward procedural expediency:

> If the district court erred in the first Guideline calculation, it is not obligated to err again. *See [United States v.] Sabillon-Umana,* 772 F.3d [1328,] 1333-34 [(10th Cir. 2014)] ("[W]hat reasonable citizen wouldn't bear a rightly diminished view of the judicial process and its integrity if courts refused to correct obvious errors of their own devise that threaten to require individuals to linger longer in federal prison than the law demands? . . . "[W]e can think of few things that affect an individual's substantial rights or the public's perception of the fairness and integrity of the judicial process more than a reasonably probability that an individual will linger longer is prison than the law demands only because of an obvious judicial mistake." *Sabillon-Umana,* 772 F.3d at 1335. A correct application of our laws is paramount to the integrity of sentencing – and of the court itself.

*Brown, supra* at ** 15-16, 18.

Such is the situation in the case at bar.

## CONCLUSION

For the aforementioned reasons, the defendant-appellant, Rudy Naranjo, respectfully prays that his sentence be vacated, that the sentence on Count 5 be reduced to 5 years imprisonment, and that this case be remanded to the district court

for a complete review of Mr. Naranjo's sentence.

Respectfully submitted,

*/s/ Michael McCrum*
MICHAEL MCCRUM
404 E Ramsey Rd Ste 102
San Antonio, TX 78216-4665
(210) 225-2285 (Phone)
(210) 275.9945 (Facsimile)
email: michael@mccrumlegal.com

Counsel For Defendant–Appellant,
Rudy Naranjo

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

*/s/ Michael McCrum*
MICHAEL MCCRUM

## **ECF CERTIFICATION**

I certify that: 1) required privacy redactions have been made; 2) the electronic submission is an exact copy of the paper document; and 3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of virus.

*/s/ Michael McCrum*
MICHAEL MCCRUM
Attorney for Defendant-Appellant

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1.     This brief complies with the type-volume limitation of F<small>ED</small>. R. A<small>PP</small>. P. 32(a)(7)(B) because:

☒ this brief contains 9,023 words, excluding the parts of the brief exempted by F<small>ED</small>. R. A<small>PP</small>. P. 32(a)(7)(B)(iii), *or*

☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by F<small>ED</small>. R. A<small>PP</small>. P. 32(a)(7)(B)(iii).

2.     The brief complies with the typeface requirements of F<small>ED</small>. R. A<small>PP</small>. P. 32(a)(5) and the type style requirements of F<small>ED</small>. R. A<small>PP</small>. P. 32(a)(6) because:

☒ this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows in font Size 14 in Times New Roman type style and 12-point font as to footnotes, *or*

☐ this brief has been prepared in a monospaced typeface using _____ with _____.


*/s/ Michael McCrum*

Attorney for Rudy Naranjo, Appeal No. 20-50257

Date: <u>October 27, 2020</u>

41